IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TONJA Y. JOHNSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. **3:21-CV-2648-L** |
| | § | |
| **WALGREENS CO.,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 23) was entered on February 6, 2023, recommending that the court grant Defendant Walgreens Co.'s ("Walgreens") Motion to Dismiss (Doc. 15) for failure to state a claim upon which relief can be granted, and dismiss pro se Plaintiff Tonja Johnson's ("Plaintiff") Amended Complaint for Employment Discrimination ("Complaint") (Doc. 6). In the Complaint, Plaintiff brought claims for discrimination and retaliation under the American with Disabilities Act, 42 U.S.C. §§ 12112-12117 ("ADA") against her employer, Walgreens.

Specifically, Plaintiff alleges that Walgreens discriminated against her due to her disability because after she submitted a disability accommodation request to work standing on a padded mat and lifting no more than 10 pounds, her manager required her to walk back and forth between cash registers, take out the trash, and organize the shelves. Docs. 23 at 2, 8; 6 at 6. She alleges that her manager began to only schedule her for the closing shift, which she was unable to work due to limited childcare. *Id*. After Plaintiff was unable to work the offered shifts, she alleges that she was terminated because she fell out of its employment system after 30 days of no work. Doc. 23 at 4. Plaintiff also appears to allege that her termination was retaliation because she filed a charge with

**Order – Page 1**

the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 13-14.  Plaintiff did not file objections to the Report, and the time to do so has passed.

The Report recommends that the court grant Walgreen's Motion, and dismiss with prejudice Plaintiff's claims for discrimination and retaliation with regard to her EEOC complaint, and dismiss without prejudice her claim for retaliation with regard to her request for a disability accommodation. The Report further recommends that the court grant her an opportunity to amend her pleadings as to her claim that Walgreens retaliated against her for filing a request for a disability accommodation. *See id*. at 14-15.

Having considered the Motion, Complaint, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Walgreens' Motion to dismiss, and **dismisses with prejudice** Plaintiff's claims against Walgreens for discrimination and retaliation based on her filing of an EEOC charge, and **dismisses without prejudice** Plaintiff's claim for retaliation based on her request for disability accommodations.

Moreover, the court determines that dismissal of her claims for discrimination and retaliation related to her EEOC charge without leave to amend is appropriate. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

**Order – Page 2**

of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court has already granted Plaintiff multiple opportunities to present it with all facts supporting her claims through her Amended Complaint (Doc. 6), response to the magistrate judge's questionnaire (Docs. 9, 10) and response opposing Walgreen's Motion to Dismiss (Doc. 17). Therefore, the court determines that Plaintiff has stated her best case with regard to her claim for discrimination and retaliation for filing an EEOC charge. Further opportunities to amend those claims would be an inefficient use of the parties' and the court's resources, and cause unnecessary and undue delay. Finally, Plaintiff failed to object to the Report's recommendation of dismissal. Plaintiff has not sought leave to amend with respect to those claims, and the court will not *sua sponte* grant it here. For these reasons, the court will not allow Plaintiff a further opportunity to amend her pleadings regarding her claims for discrimination and retaliation for filing an EEOC charge.

The court agrees, however, with the Report's recommendation that it is in the interests of justice to permit Plaintiff an opportunity to amend her claim for retaliation with regard to her request for disability accommodations. Accordingly, the court **grants** Plaintiff leave to file an amended complaint to include any allegations that Walgreens retaliated against her for submitting a request for disability accommodations. Plaintiff must file her Second Amended Complaint **no later than March 29, 2023**. Failure to do so by that date may result in dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**It is so ordered** this 1st day of March, 2023.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge

Order – Page 3